UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIE SLOCUM,

       Plaintiff,                   Hon. Jane M. Beckering

v.                                        Case No. 1:23-cv-965

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 32 years of age on her alleged disability onset date. (PageID.55). She successfully completed high school and worked previously as an administrative clerk, data entry clerk, and marketing research analyst. (PageID.55). Plaintiff

applied for benefits on July 14, 2021, alleging that she had been disabled since March 15, 2020, due to bi-polar disorder, depression, and anxiety.  (PageID.44, 231).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  Following an administrative hearing, ALJ David Read, in an opinion dated December 9, 2022, determined that Plaintiff did not qualify for disability benefits.  (PageID.44-107).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment

existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from anxiety disorder and bipolar disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.46-48).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work at all exertional levels subject to the following non-exertional limitations: (1) she is limited to simple, routine, and repetitive tasks but not at a production rate pace, and (2) she can tolerate only occasional changes in tasks or demands. (PageID.48).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 131,400 jobs in the national economy which an individual with Plaintiff's RFC could perform. (PageID.55-56, 103-04). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Medical Source Opinion

Plaintiff's psychiatrist, Dr. Kameswara Tatenini, expressed the opinion that Plaintiff "would not be able to hold a job." (PageID.545). The ALJ, however, found Dr. Tatenini's opinion only partially persuasive. (PageID.53-54). Plaintiff argues that she is entitled to relief because the ALJ's assessment of her doctor's opinion is not supported by substantial evidence.

Because Plaintiff filed her application after March 27, 2017, the ALJ evaluated Dr. Tatenini's opinion pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

Plaintiff argues that the ALJ failed to "properly consider the mandatory factors of supportability and consistency." (ECF No.12, PageID.585). The Court is not persuaded.

First, it must be noted that Dr. Tatenini did not articulate any functional limitations that Plaintiff allegedly experiences. Rather, as the ALJ observed, the doctor merely "relied on [Plaintiff's] subjective complaints that she couldn't concentrate or handle work stress." (PageID.54). Thus, whether the ALJ properly assessed the doctor's opinion is largely moot because the doctor did not articulate

-6-

any opinion that is inconsistent with the ALJ's RFC assessment. The doctor merely concluded that Plaintiff "would not be able to hold a job." The opinion that Plaintiff is disabled or cannot work is entitled to no weight as such is a matter reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). Nevertheless, the ALJ indulgently interpreted Dr. Tatenini's comments and afforded such partial weight.

Specifically, the ALJ found credible the conclusion that Plaintiff experiences "moderate limitations with concentration and adapting, as such findings were supported by and consistent with the evidence." (PageID.54). The ALJ found such limitations were consistent with Dr. Tatenini's treatment notes as well as the results of multiple consultive examinations. (PageID.54, 506-19, 524-32, 556-62). The ALJ, however, concluded that the medical evidence as a whole "best supports" the conclusion that Plaintiff can still perform a limited range of work activities.

This conclusion is supported by the record. While Plaintiff experienced a brief hospitalization in early 2020, the evidence reveals that Plaintiff responded well to medication and treatment. (PageID.307-494). Treatment notes following Plaintiff's hospitalization, dated from April 2020 through December 2020, reveal that Plaintiff was "doing much better" and that her medications were "helpful" and her "mood is good [and] stable." (PageID.495-501). On October 25, 2021, Plaintiff reported that she was "feeling much more stable on medication now." (PageID.514). On July 12, 2022, Plaintiff reported engaging in a wide variety of activities, such as shopping, reading, socializing with friends and family, preparing meals, and performing various household chores, which are inconsistent with Dr. Tatenini's

conclusion that Plaintiff is completely unable to work. (PageID.527). Finally, the results of multiple consultive examinations were consistent with the ALJ's RFC assessment. (PageID.514-32).

In sum, the ALJ's rationale for discounting Dr. Tatenini's opinion is supported by substantial evidence. Moreover, the ALJ properly assessed the doctor's opinion by reference to the relevant factors identified above. Accordingly, this argument is rejected.

## II. Third-Party Testimony

Plaintiff's husband testified at the administrative hearing. (PageID.93-100). Plaintiff argues that she is entitled to relief because the ALJ failed to properly assess her husband's testimony.

Plaintiff's husband testified that, following Plaintiff's hospitalization in 2020, the couple has been unable to travel, hike, or engage in "thrill seeking" activities. (PageID.96). He testified that Plaintiff "doesn't like crowds" and "rarely" drives. (*Id.*). He testified that Plaintiff "relies on [him] for just like a lot of like day-to-day emotional support." (PageID.97). When asked why Plaintiff had received "very little treatment" following her 2020 hospitalization, Plaintiff's husband replied that the couple "made a lot of decisions or choices, decisions, whatever you want to call them, changes that have basically taken her stress levels down as much as we can." (PageID.98-99). He further observed that "it's mostly due to the fact that we are doing the things" that her psychiatrist instructed Plaintiff to do following her hospitalization. (PageID.99). As Plaintiff's husband explained it, the doctor "gave

[Plaintiff] a really good tool set of things to do to basically manage it on her own" and "that's really worked for her." (*Id.*).

The ALJ acknowledged and considered the testimony offered by Plaintiff's husband. (PageID.53). The ALJ did not, however, articulate any analysis of this testimony or indicate the weight, if any, he afforded to such. While Plaintiff takes issue with this failure, the ALJ was not required to provide any analysis or discussion of this testimony. *See, e.g., Lyon v. Commissioner of Social Security*, 2023 WL 7354418 at *6 (W.D. Mich., June 7, 2023) (citing 20 C.F.R. § 404.1520c(d)). Moreover, Plaintiff's husband did not offer an opinion or observation that is inconsistent with the ALJ's conclusion that Plaintiff can still perform a limited range of work activities. Thus, even were the ALJ required to provide an analysis of this testimony, the failure to do so is harmless. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 13, 2024                              /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge