UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIE LYNN SLOCUM,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:23-cv-965

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 17). Defendant did not file any response to Plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I**

At issue in this case is the evaluation of the opinions offered by Plaintiff's psychiatrist, Kameswara Tatenini, M.D., and her husband. First, with regard to the opinion offered by Plaintiff's psychiatrist, the Administrative Law Judge (ALJ) found credible Dr. Tatenini's conclusion that Plaintiff experiences "moderate limitations with concentration and adapting, as

such findings were supported by and consistent with the evidence," and the ALJ found that such limitations were consistent with Dr. Tatenini's treatment notes as well as the results of multiple consultive examinations; however, the ALJ concluded that the medical evidence as a whole "best supports" the conclusion that Plaintiff can still perform a limited range of work activities (ALJ Hrg. Decision, ECF No. 6-2 at PageID.54). The ALJ acknowledged and considered the testimony offered by Plaintiff's husband (*id.* at PageID.53). However, the ALJ did not articulate any analysis of this testimony or indicate the weight, if any, he afforded to such.

In her appeal, Plaintiff argued that in evaluating Dr. Tatenini's opinion, the ALJ failed to "properly consider the mandatory factors of supportability and consistency" (ECF No. 12 at PageID.585). The Magistrate Judge was not persuaded. As a threshold matter, the Magistrate Judge pointed out that whether the ALJ properly assessed the doctor's opinion was "largely moot" because the doctor did not articulate any opinion that was inconsistent with the ALJ's residual functioning capacity (RFC) assessment (R&R, ECF No. 16 at PageID.618–619). Moreover, the Magistrate Judge held that the ALJ's rationale for discounting Dr. Tatenini's opinion was supported by substantial evidence in the record, including Plaintiff's post-hospitalization treatment notes, Plaintiff's "wide variety of activities," and the results of multiple consultive examinations (*id.* at PageID.619–620).

Plaintiff also briefly argued, as a "footnote to error," that the ALJ's decision was improperly "bereft of any discussion" of her husband's testimony (ECF No. 12 at PageID.588). In rejecting Plaintiff's argument, the Magistrate Judge pointed out that the ALJ acknowledged and considered the testimony offered by Plaintiff's husband, but was not required to provide any analysis or discussion of the third-party testimony (R&R, ECF No. 16 at PageID.621). The Magistrate Judge determined that even if such requirement existed, the ALJ's failure to analyze

2

the testimony would be harmless error inasmuch as "Plaintiff's husband did not offer an opinion or observation that is inconsistent with the ALJ's conclusion that Plaintiff can still perform a limited range of work activities" (*id.*).

## II

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.*

In her objections to the Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in failing to "respond" to her "highly relevant legal citations" (ECF No. 17 at PageID.624–625, & 629, citing *Dany Z. v. Saul*, 531 F. Supp. 3d 871 (D. Vt. 2021), and *Childers v. Kijakazi*, No. CV 5:21-285-JMH, 2022 WL 2706150 (E.D. Ky. July 12, 2022)). Plaintiff's objections are properly denied. Neither district court decision is binding on this Court, and Plaintiff's argument fails to reveal any legal error in the Magistrate Judge's analysis. Indeed, her "objections" to the Report and Recommendation merely reiterate her challenge to the ALJ's findings "and the Magistrate's findings, in the sense that he approved them" (ECF No. 17 at PageID.626–629), without identifying any specific error by the Magistrate Judge.

For these reasons, the Report and Recommendation is properly adopted as the Opinion of the Court. Accordingly:

3

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  June 17, 2024                                              /s/ Jane M. Beckering
                                                                     JANE M. BECKERING
                                                                     United States District Judge